UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DAVID W. AIKEN, JR. AND MARILYN M. AIKEN                                        PLAINTIFFS

V.                                                                 CIVIL ACTION NO. 1:06cv741-LTS-RHW

RIMKUS CONSULTING GROUP, INC.;                                                  DEFENDANTS
GARY L. BELL, INDIVIDUALLY;
JAMES W. JORDAN, INDIVIDUALLY; AND
USAA CASUALTY INSURANCE COMPANY


**MEMORANDUM OPINION**

Multiple defendants have been sued arising from Hurricane Katrina's destruction of Plaintiffs' property in Pass Christian, Mississippi, on August 29, 2005.  USAA Casualty Insurance Company (USAA) is the Plaintiffs' insurer.  Plaintiffs allege that USAA utilized the services of Rimkus Consulting Group, Inc. (Rimkus) for an engineering assessment of the cause of the damage.  Defendant James W. Jordan (Jordan) was Rimkus's engineer of record for the investigation of Plaintiffs' loss, and Defendant Gary L. Bell (Bell) is alleged to have been in charge of Rimkus's Mississippi district with authority for and control of Rimkus's corporate decisions.

The Complaint was filed originally in the Circuit Court of Harrison County, First Judicial District.  A Notice of Removal [1] was filed by Rimkus and Jordan.  Bell [2] and USAA [3] joined in the removal.  The Complaint indicates that Plaintiffs are resident citizens of Louisiana.  As will be discussed later, Bell also is a citizen of Louisiana, but removal was based on the fact that he was fraudulently joined.  All defendants have filed answers.

Bell and Jordan have filed  motions, [5] and  [6], to dismiss for lack of personal jurisdiction (Fed. R. Civ. P. 12(b)(2)).  Plaintiffs filed a [9] response to Jordan's motion, but nothing with respect to Bell.  This Court entered an [10] Order treating Jordan's motion to dismiss as one for summary judgment, granting Plaintiffs leave to take his deposition, and holding the motion in abeyance pending completion of the deposition.  Jordan's deposition has taken place, and pursuant to the Court's [23] order, Plaintiffs filed a [33] supplemental response and Jordan [38] replied.  This aspect of the litigation is ready for decision.

This is not the first instance in which the Court has addressed the issue of personal jurisdiction with particular reference to Rimkus.  *See Smith v. Rimkus Consulting Group, Inc., et al.*, Civil Action No. 1:06cv515; and *Ray v. Rimkus Consulting Group, Inc., et al.*, Civil Action No. 1:06cv516.  *Cf. Gaspard v. Rimkus Consulting Group, Inc., et al.*, Civil Action No. 1:06cv610.  Bell is common to all, although in the instant case (unlike *Smith* and *Ray*) he has

submitted an affidavit in support of his motion.  Jordan is a new defendant, having played a similar role as Thomas Heifner in *Smith* and *Ray*.

> Bell's affidavit states, in pertinent part:
>
> I was not personally involved, in any manner, with the investigation or preparation of any report of findings regarding the residence of David W. Aiken, Jr. and Marilyn M. Aiken at 1 Eighth Street, Pass Christian, MS 39571.  As such, my name does not appear on any report issued for this investigation.  I had no direct contact with James W. Jordan, the engineer in charge, or Roverta Chapa, the field engineer, with respect to this investigation.  I have never spoken to Mr. Chapa.  Further, I never saw any notes, photographs, or any other material prepared by Mr. Jordan or Roverta Chapa regarding Plaintiffs' residence.  No Rimkus agent or employee contacted me for assistance, feedback, or opinions regarding the investigation of the residence.  No Rimkus agent or employee contacted me regarding the preparation of the report regarding damage to the residence.  I did not contribute to the report at any stage of the investigation of the damage to the residence.  Finally, prior to the filing of this suit I had no contact with any person at USAA Casualty Insurance Company about this residence, the plaintiffs, or the work performed by USAA or Rimkus related to the residence.  I was unaware of the Aiken investigation until I received notice of this lawsuit.  Further, I am not a licensed professional engineer.

Plaintiffs offer nothing to counter these sworn statements.  The Court's review of the material submitted by the parties indicates that communication about Plaintiffs' claim occurred between Jordan and Rimkus's Pensacola, Florida, office, and Bell's name appears nowhere in that correspondence.  In an affidavit submitted with his motion, Jordan confirms that his discussions of Plaintiffs' damage were with Rimkus administrative personnel in Indiana (where Jordan works) and Pensacola, and that he had no communication with Bell.

The Plaintiffs' cause of action is not based merely on breach of contract. They claim that Jordan, a professional engineer with a Mississippi license, signed and sealed two different reports (the first dated December 20, 2005, and the second, characterized as "supplemental" by the Rimkus defendants, dated March 23, 2006) issued by Rimkus as to the cause of Plaintiffs' loss.  It is also charged that Jordan violated standards of care imposed on Mississippi-licensed engineers.  Under the complaint, Jordan stands accused of personal misconduct associated with the adjustment of the Plaintiffs' claim that is cognizable under Mississippi law.  *See Bass v. California Life Insurance Co.*, 581 So. 2d 1087 (Miss. 1991).  The Court now turns to the factors to be considered for the exercise of personal jurisdiction, and additional facts to which they are applied.

In *Brown v. Flowers Industries, Inc.*, 688 F.2d 328 (5th Cir. 1982), *cert. denied*, 460 U.S. 1023 (1983), the court of appeals summarized well settled law:

> In a diversity action a federal court enjoys jurisdiction over a nonresident

>defendant to the extent permitted by the long-arm statute of the forum state . . . . Two tests must be met before a state statute can confer jurisdiction over a nonresident defendant.  First, the defendant must be amenable to service under the statute, a requirement that is controlled by the law of the forum state. Second, assertion of jurisdiction over the defendant must be consistent with the due process clause of the fourteenth amendment, a requirement that is controlled by federal law.  Due process requires that a nonresident defendant have "certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice,'" or that he perform some act "by which (he) purposefully avails (him)self of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws," before the forum may extend its long-arm to embrace him.
>
>. . . .
>
>The party invoking the jurisdiction of a federal court bears the burden of establishing the court's jurisdiction over a nonresident defendant . . . . On a motion to dismiss for lack of personal jurisdiction, the allegations of the complaint, except as controverted by the defendants' affidavits, must be taken as true.
>
>. . . .
>
>An alleged tortfeasor need not have been present in the state.  If, as is alleged in this case, he causes injury in Mississippi, he is covered by the statute.
>
>. . . .
>
>The number of contacts with the forum state is not, by itself, determinative . . . . What is more significant is whether the contacts suggest that the nonresident defendant purposefully availed himself of the benefits of the forum state . . . . "When a defendant purposefully avails himself of the benefits and protection of the forum's law--by engaging in activity . . . outside the state that bears reasonably foreseeable consequences in the state --maintenance of the law suit does not offend traditional notions of fair play and substantial justice."

*Id.* at 331-33 (footnotes and citations omitted).

The court recognized two other relevant factors in analyzing the due process prong: "the interest of the state in providing a forum for the suit," and the "relative conveniences and inconveniences to the parties."  *Id.* at 333 (citations omitted).  In *Brown*, personal jurisdiction was found where a single defamatory phone call by a nonresident about a Mississippi resident was made from outside the state to a person in Mississippi.

Another Fifth Circuit opinion, *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162 (5th Cir. 1985), contains an excellent discussion of Mississippi's long-arm statute (Miss. Code Ann. §

13-3-57). *Thompson* also draws more clearly the distinction between the exercise of specific and general jurisdiction:

> The former occurs "when a State exercises personal jurisdiction over a defendant in a suit arising out of or related to the defendant's contacts with the forum." . . . "General jurisdiction" is exercised when a state asserts personal jurisdiction over a defendant in a suit not arising out of or related to the defendant's contacts with the forum. . . . When the issue is one of general jurisdiction the defendant's contacts with the forum are examined to determine whether they are sufficiently systematic and continuous as to support a reasonable exercise of jurisdiction . . . . When the issue is one of specific jurisdiction, a court must examine the relationship among the defendant, the forum, and the litigation.

755 F.2d at 1170 (citations omitted).

Mississippi's long-arm statute, cited *supra*, covers *inter alia* any nonresident person who commits a tort in whole or in part against a resident of this state. Jordan attempts to point to distinctions between the injury aspect of a tort (injury being the invasion of any legally-protected interest of another ) which confers jurisdiction, and the occurrence of some consequential damages in the state which does not. This Court agrees that "it is clear that the Fifth Circuit never intended a state to sacrifice the sovereign power of their courts by rightfully delineating a difference between far flung economic effects of torts and the far more common scenario where the injury and damages occur together in place and time." *Tellus Operating Group v. R & D Pipe Company*, 377 F. Supp. 2d 604, 608 (S.D. Miss. 2005). *Cf. First Trust National Association v. Jones, Walker, Waechter, Poitevent, Carrere & Denegre*, 996 F. Supp. 585 (S.D. Miss. 1998) (no jurisdiction in Mississippi federal court where a Minnesota financial institution sued a New Orleans based law firm for an opinion issued by the law firm on a ship mortgage prepared by Texas attorneys to a New York investment banking house and delivered to counsel for the banking house in Dallas; only Mississippi connection was the location of the property on which the opinion was issued).

As mentioned above, Jordan has submitted an affidavit. It reveals that he is a resident of Carmel, Indiana, at relevant times working out of Rimkus's Indianapolis office. It also shows that he was assigned Hurricane Katrina files and was "involved in the investigation of the Aiken home as a result of the extraordinarily high amount of investigations requested by insurance companies following Hurricane Katrina." Rimkus, which received hundreds of requests to investigate casualty losses along the Gulf Coast, asked Jordan and several other engineers "throughout the United States to assist in the generation of the reports prepared in these investigations."

Although Jordan's affidavit is in terms of not being given Mississippi assignments on a continuous and systematic basis, it is specific jurisdiction which is applicable here. Jordan's deposition is clear that he was the engineer of record not only with respect to Plaintiffs' case, but also on approximately 180 other written reports associated with Katrina (typically for insurance companies). He personally inspected around 20 structures in various cities along the Mississippi Gulf Coast, including Biloxi, Diamondhead, Gulfport, and Long Beach, but not Pass Christian,

where the Plaintiffs' property is located.  It follows that he did not visit the Plaintiffs' property in preparing his reports.

The source and connection of this cause of action is an insurance policy issued to cover property in Mississippi for covered losses sustained during Hurricane Katrina, along with intentional torts alleged to be associated with the adjustment of the claim.  In the realm of the insurance world, the connection between this contract, this loss and claim for benefits, the company's investigation, the submission of reports as part of the investigation, and the ultimate decision made by the company utilizing those reports bring reasonably foreseeable consequences in this state, not of the far flung economic nature but of injury and damage associated with insurance policies and independent torts (or even gross negligence, malice, or reckless disregard) which may arise from them.  Jordan knew or should have known this resulting impact was likely.  Whether Plaintiffs are able to prevail ultimately or a successful defense can be mounted are for another day, but Plaintiffs have met their burden that this state has an interest in providing a forum for them to pursue their cause of action, and Indiana resident Jordan's remaining in this suit is not comparatively inconvenient, given his significant contacts with Mississippi by his activity.

It is my opinion that subjecting Jordan to appear in this forum neither violates Mississippi's long-arm statute nor offends traditional notions of fair play and substantial justice.  His motion to dismiss under Fed. R. Civ. P. 12(b)(2) will be denied.  Further, there are genuine issues of material fact that do not entitle Jordan to judgment as a matter of law.

A different result obtains for Bell.  Not only is he an adult resident citizen of New Orleans, Louisiana, and, therefore, not diverse in citizenship from Plaintiffs, but, more importantly, there is no concrete evidence of minimum individual contacts to or connection with Plaintiffs' cause of action.  Plaintiffs have not carried their burden of establishing personal jurisdiction over Bell in this case, either by way of Mississippi's long-arm statute or due process.  The allegations of the complaint are not enough to controvert Bell's affidavit, whether standing alone or as reinforced by Jordan's.  Bell is not subject to the jurisdiction of this Court.

A separate order shall issue.  Decided this the 13th day of December, 2006.

s/ *L. T. Senter, Jr.*
L. T. Senter, Jr.
Senior Judge