UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DAVID W. AIKEN, JR. and
MARILYN M. AIKEN                                             PLAINTIFFS

VERSUS                              CIVIL ACTION NO. 1:06CV741-LG-RHW

RIMKUS CONSULTING GROUP, INC., et al                         DEFENDANTS

## ORDER

Before the Court is Plaintiffs' [69] Motion to Compel responses to discovery propounded

on Defendant USAA Casualty Insurance Company (Defendant).  The Court makes the following

findings with respect to the disputed areas:

**Interrogatory No. 12:**  In this interrogatory, Plaintiffs seek information regarding any

incentive programs for employees adjusting insurance claims.  Defendant is compelled to

respond as to whether there were any incentive programs offered to its employees or agents from

August 29, 2005, to the present, regarding controlling, abating or denying insurance claims.

From Defendant's response, it appears that the answer to this question may be "none".  However,

out of an abundance of caution, the Court directs Defendant to provide a definitive answer to the

interrogatory.

**Request for Production No. 4:**  In this request, Plaintiffs seek essentially any documents

and communications relating to Plaintiffs' insurance claim.  Defendant has provided Plaintiffs

with the claim file.  To the extent that Defendant has in its possession any documents outside of

the claim file that are non-privileged and responsive to this request, Defendant is compelled to

produce those documents.  Any privileged documents should be listed in a privilege log;

however, the Court finds that the litigation file of Defendant's counsel of record in this case is not

discoverable and need not be included in a privilege log.

  **Request for Production No. 5:**  In this request, Plaintiffs seek any and all claims manuals, memorandums, policy statements, interoffice or interdepartmental correspondence, letters or other writings relating to the evaluation of the Plaintiffs' insurance claims.  According to Defendant's response, it either already has or is in the process of producing documents responsive to this request pursuant to a protective order that was entered on February 2, 2007.  Thus, the Motion to Compel is denied as to this request.

  **Request for Production No. 6:**  In this request, Plaintiffs seek all documents which Defendant relied upon in denying full compensation for Plaintiffs' insurance claim.  Defendant either already has or is in the process of producing documents responsive to this request.  Thus, the Motion to Compel is denied as to this request.

  **Request for Production No. 8:**  In this request, Plaintiffs seek all training or other manuals regarding policies and methods for investigating insurance claims.  Defendant is compelled to produce its training manuals for adjusters, subject to the provisions of the protective order entered in this case.  The training manuals are, at the very least, reasonably calculated to lead to the discovery of admissible evidence touching on the issue of whether adjusters were trained or instructed to investigate claims in a manner inconsistent with the terms of the Plaintiffs' insurance policy.

  **Request for Production No. 10:**  Plaintiffs seek the complete personnel files for all individuals who worked on Plaintiffs' claim file.  This request is denied.  Defendant shall not be compelled to produce its employees' personnel files.  Plaintiffs argue that the personnel files will reveal information concerning the training and experience of those persons who made decisions

to deny Plaintiffs' claim.  Such information may be obtained by Plaintiffs through other means less intrusive to the privacy of the individuals in question, such as through depositions.

**Request for Production No. 15:**  In this request, Plaintiffs seek all agreements, correspondence, documents, or other tangible things related to or in any way referencing the Plaintiffs' insurance claim.  To the extent that Defendant has in its possession any documents outside of the claim file that are non-privileged and responsive to this request, Defendant is compelled to produce those documents.  Any privileged documents should be listed in a privilege log; however, the Court finds that the litigation file of Defendant's counsel of record in this case is not discoverable and need not be included in a privilege log.

**Request for Production No. 18:**  In this request, Plaintiffs seek all documents or things received by Defendant from Rimkus Consulting Group, Inc., or one of its agents, regarding Hurricane Katrina or claims arising from Hurricane Katrina.  Plaintiffs' request as drafted is overly broad and therefore should be denied.  Plaintiffs already are in possession of the initial and final engineering reports prepared by Rimkus on Plaintiffs' property.  There is no allegation of a broader conspiracy other than the conspiracy to deny Plaintiffs' claim.  The hundreds of other engineering reports are not relevant to this case, nor are they likely to lead to the discovery of admissible evidence as to Plaintiffs' insurance claim.  The Court finds this case to be distinguishable from *Hussey v. State Farm Lloyd's Ins. Co.*, 216 F.R.D. 591 (E.D. Tex. 2003), in that Defendant used engineering companies other than Rimkus and engineers other than Jordan.  Nor was Jordan's report used to deny pretextually Plaintiffs' claim.  To the contrary, on the basis of Jordan's engineering report, and the adjuster's analysis, Plaintiffs have been paid $178,000 for wind damage in addition to the $278,000 Plaintiffs received for flood damage.

**Request for Production No. 21:**  In this request, Plaintiffs seek all eyewitness accounts that are in Defendant's possession and that chronicle the damage caused by Hurricane Katrina. The Motion to Compel is denied as to this request.  Defendant asserts that it does not have any eyewitness accounts of the destruction of Plaintiffs' property.  The request that Defendant provide all eyewitness accounts of the hurricane in any of its claim files is overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence.  The request lacks any geographic limits.  To the extent that Plaintiffs believe such evidence to be relevant and admissible, and given the unrestricted geographic scope of Plaintiffs' request, the Court finds that Plaintiffs are equally capable of compiling eyewitness accounts of the hurricane.

Based on the foregoing,

IT IS ORDERED AND ADJUDGED that Plaintiffs' [69] Motion to Compel is GRANTED in part, and DENIED in part.

SO ORDERED, this the 4th day of April, 2007.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE