UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID W. AIKEN, JR. and
MARILYN M. AIKEN                                                                          PLAINTIFFS

VERSUS                                                      CIVIL ACTION NO. 1:06CV741-LG-RHW

RIMKUS CONSULTING GROUP, INC., et al                                                     DEFENDANTS

## ORDER GRANTING MOTION TO RE-DEPOSE

Before the Court is Plaintiffs' [78] Motion for Leave to Take Deposition of James W. Jordan.  On August 24, 2006, the Court granted Plaintiffs' request to take Jordan's deposition in order to respond to a Motion to Dismiss Jordan for lack of personal jurisdiction.  Plaintiffs conducted this deposition on September 29, 2006.  Plaintiffs argue that they should be permitted to re-depose Jordan because of subsequent developments.  First, Plaintiffs argue that Jordan inspected Plaintiffs' property since the initial deposition.  Plaintiffs also argue that they are now in possession of Rimkus' protocol for preparing and changing written reports, which was not available to Plaintiffs at the first deposition.  Finally, Plaintiffs argue that they have requested through discovery other engineering reports prepared by Jordan for other insureds along the Gulf Coast.

As an initial matter, the Court recently denied Plaintiffs' request for engineering reports that relate to the insurance claims of other insureds.  Nevertheless, the Court finds that the Plaintiff should be permitted to conduct a second deposition of Jordan based on Plaintiffs' remaining reasons for seeking to re-depose Jordan.  The Court directs that Jordan's deposition shall be limited to two specific areas:

(1)     Jordan's first hand inspection of Plaintiffs' property; and

  (2)  Jordan's knowledge and use of Rimkus' protocol for preparing and changing written reports.

Furthermore, the Court finds that the deposition should be conducted in Indianapolis, which is where Jordan is located, at a time and day that is mutually convenient to the parties.

  IT IS THEREFORE ORDERED AND ADJUDGED that the [78] Motion for Deposition is GRANTED, but subject to the limitations outlined in this Order.

  SO ORDERED, this the 4th day of April, 2007.

            s/ *Robert H. Walker*
            UNITED STATES MAGISTRATE JUDGE