UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DAVID W. AIKEN, JR. AND MARILYN M. AIKEN                                PLAINTIFFS

V.                                                     CIVIL ACTION NO. 1:06cv741-LTS-RHW

RIMKUS CONSULTING GROUP, INC.,                                          DEFENDANTS
JAMES W. JORDAN, AND USAA CASUALTY
INSURANCE COMPANY

## ORDER

      Currently pending before the Court are Defendant USAA Casualty Insurance Company's (USAA) [191] Motion for Partial Summary Judgment; Defendants Rimkus Consulting Group, Inc.'s (Rimkus) and James W. Jordan's (Jordan)'s [193] Motion for Summary Judgment; Rimkus's and Jordan's [213] Motion to Strike Affidavits attached as Exhibits 1 and 2 to Plaintiffs' response to the [193] summary judgment motion; and Rimkus's and Jordan's [218] Motion to Strike exhibits attached to the Plaintiffs' response to [213].  Although a thorough review of the record, under the standards of Fed. R. Civ. P. 56, leads to the conclusion that it can not be said at this stage of the proceedings that there are no genuine issues of material fact and that Defendants are entitled to judgment as a matter of law, the motions to strike raise issues that the Court feels should be addressed well in advance of trial.  These issues deal with the admissibility of expert testimony to be offered on behalf of the Plaintiffs.

      The background of this cause of action is found in the Court's [40] Memorandum Opinion finding personal jurisdiction over Jordan, who served as the engineer of record for the investigation of Plaintiffs' Hurricane Katrina loss.  The [40] opinion alluded to Jordan's alleged violation of standards of care imposed on Mississippi-licensed engineers, as well as his preparation of two different reports on causation issued by Rimkus/Jordan.  It should be noted that the Court [10] treated Jordan's [6] Motion to Dismiss as a motion for summary judgment, which was [41] denied.

      The affidavits supplied by Plaintiffs and objected to by Jordan and Rimkus are given by Leonard Quick (Quick) and Charles Ivy (Ivy) on standards of engineering practice, such as the submission of two reports and the failure to personally inspect the subject property prior to their preparation.  But it may also be said that the affidavits even go so far as to put forward opinions on duty, fraud, deceit, dishonesty, ethics, and the public welfare (of course, the public in this case being the Plaintiffs), which may be beyond the scope of an expert's ability to offer an opinion.  Jordan is further accused of violating Rimkus's own practice standards.

      One of the Court's goals is to avoid anything that may delay or cause confusion during the course of this trial.  Those dangers are present under the current state of the record.  The

pretrial conference in this case is scheduled on November 28, 2007.  The Court anticipates that Rimkus and Jordan will file motions *in limine* both as to Quick's and Ivy's qualifications and the subject matter of their testimony.  The Court fully expects all parties (including USAA) to be prepared to address these issues at the pretrial conference in a detailed manner.  This will help in determining the course and conduct of the trial.

Notwithstanding Quick's and Ivy's materials, at this point it would not be appropriate for the Court to draw inferences concerning the manner in which Plaintiffs' insurance claim was handled by all Defendants.  Perhaps the ultimate decision by USAA was the product of good faith, or backed by a legitimate or arguable reason; by the same token, it could have been the result of looking for a defense, or with particular respect to Rimkus and Jordan, gross negligence or reckless disregard for the rights of the insureds.  For the purpose of ruling on USAA's [191] Motion for Partial Summary Judgment, and Rimkus's and Jordan's [193] Motion for Summary Judgment, the conduct is at least a factual question not conducive to summary disposition.

Accordingly, **IT IS ORDERED**:

USAA's [191] Motion for Partial Summary Judgment is **DENIED**;

Rimkus's and Jordan's [193] Motion for Summary Judgment is **DENIED**;

Rimkus's and Jordan's [213] [218] motions to strike are **MOOT** with respect to the rulings on the summary judgment motions, but the Court reserves the right to consider the qualifications of any expert and the admissibility of any testimony or evidence.

**SO ORDERED** this the 8th day of November, 2007.

                                                s/ L. T. Senter, Jr.
                                                L. T. SENTER, JR.
                                                SENIOR JUDGE