UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DAVID W. AIKEN, JR. AND MARILYN M. AIKEN                    PLAINTIFFS

V.                                              CIVIL ACTION NO. 1:06cv741-LTS-RHW

RIMKUS CONSULTING GROUP, INC.,                              DEFENDANTS
JAMES W. JORDAN, AND USAA CASUALTY
INSURANCE COMPANY

**ORDER**

There are numerous motions *in limine* currently pending before the Court.  On the Plaintiffs' side, there is a [227] motion to exclude mention of flood insurance benefits they received as a result of Hurricane Katrina damage to their residence (Defendant USAA Casualty Insurance Company's (USAA) response [242] to this motion includes a motion, *see also* [244], to exclude Plaintiffs from offering evidence that contradicts a "judicial admission" that hurricane damage was caused by storm damage flooding, at least to the amount of flood payments made; and Plaintiffs [228] request to be allowed to introduce or refer to evidence of other "changed or altered engineering reports" issued by Defendant Rimkus Consulting Group, Inc. (Rimkus) on other insurance claims (USAA's [243] response to this motion contains its own request for relief, *see also* [242], that these other reports be excluded; Rimkus filed a similar [229] motion, as well as related requests [232] [235] to eliminate evidence regarding insurance claims made by other property owners).

Independent of any relief sought by Plaintiffs, USAA or Rimkus have filed motions addressed by this Court in other cases.  Those motions deal with a number of issues: bifurcation of trial proceedings [230] [238]; testimony related to interpretation of Mississippi insurance law and the interpretation of insurance policies [234]; governmental investigation of the insurance industry's response to Hurricane Katrina [236]; references to a request for a change of venue [237], to punitive damages [239], and to Mississippi Department of Insurance (MDI) [240] bulletins issued after the hurricane; and evidence [241] of the replacement cost of the Plaintiffs' dwelling as may be afforded coverage under the subject insurance policy.

Defendant James Jordan's (Jordan) *in limine* motions are primarily aimed at testimony by two of Plaintiffs' designated experts.  They will be addressed by separate order, as will those issues raised by USAA and Rimkus that are more related to Jordan's claims.  To the extent that Jordan raises issues addressed in the instant order, they will be governed hereby.

Consistent with the Court's prior rulings, the MDI bulletins and related correspondence are not admissible unless any defendant, particularly USAA, responded to them in one manner and acted in another, or unless any defendant raises reliance on the MDI bulletins for other

purposes.  Plaintiffs do not object to bifurcation of trial proceedings consistent with Mississippi law, so long as they are not precluded from mentioning preliminarily the prospect of punitive damages (against all defendants) or from presenting evidence of their intentional tort claims against Rimkus and Jordan in their case-in-chief.  These are reasonable requests, especially since the standards of proof vary for the Plaintiffs to establish an entitlement to actual damages, depending on the particular defendant.  Plaintiffs may also address punitive damages in *voir dire*.  Of course, any offer and admission of evidence will be governed by this order, any order issued on other pending motions, and the rulings of the Court at trial.

The Court agrees that independent expert testimony concerning the interpretation of policy provisions or Mississippi law is not appropriate.  These issues of law are within the province of the Court, not the jury.  However, the Plaintiffs will be allowed to introduce appropriate evidence concerning the manner in which their claim was handled by each defendant, whether that relates to the policy provisions or the procedures used in applying them, as well as what was done and not done in the claim adjustment and decision process.

Plaintiffs indicate that they do not intend to mention a change of venue motion, unless the topic is raised by any defendant.  Further, Plaintiffs may not make any reference to any governmental investigation of the insurance industry's hurricane response.

As for the acceptance of flood insurance benefits by Plaintiffs, this underlying fact and the amount will be presented to the jury, with its relevance and ultimate treatment to be determined by the Court and, if necessary, the trier of fact.  However, all parties should be mindful of the Court's position that receipt of payment under a flood insurance policy usually establishes that at least that amount of flood damage occurred, and that this amount is factored into any ultimate recovery.  In short, any party may offer relevant admissible evidence of the circumstances surrounding the payment under the flood policy.

Finally, the trial of this case will be limited to the facts surrounding the Plaintiffs' particular claim.  The Plaintiffs have had several bites at the apple as to other engineering reports and other claims related to different properties and claimants, and their attempts, especially in the discovery process, have been consistently rejected by the United States Magistrate Judge, from which no appeals were taken.  The Court finds that any such evidence poses the danger of confusion of the issues, which may tend to mislead the jury and would otherwise cause delay and waste time.  Fed. R. Evid. 403.  The same can be said of reference to speculative replacement costs of the Plaintiffs' dwelling that have not been incurred.  Plaintiffs offer no persuasive authority or argument to nullify the clear and unambiguous terms of the subject insurance policy.

Accordingly, **IT IS ORDERED**:

Plaintiffs' motion *in limine* [227] is **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments;

Plaintiffs' motion *in limine* [228] is not well taken and is **DENIED**;

Defendants' motions *in limine* [229] [230] [232] [234] [235] [236] [237] [238] [239] [240] [241] [242] [244] are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments.

**SO ORDERED** this the 29th day of November, 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE