UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


DAVID W. AIKEN, JR. AND MARILYN M. AIKEN                              PLAINTIFFS

V.                                                  CIVIL ACTION NO. 1:06cv741-LTS-RHW

RIMKUS CONSULTING GROUP, INC.,                                        DEFENDANTS
JAMES W. JORDAN, AND USAA CASUALTY
INSURANCE COMPANY

**ORDER**

      The Court addressed numerous motions *in limine* by order [278] dated November 29, 2007, but indicated therein that other more closely connected issues would be handled separately. The common theme of the remaining motions directly and indirectly involve Defendant James Jordan's (Jordan) participation in the claim investigation process.

      The Court has indicated that the trial of this case will be limited to the facts surrounding the Plaintiffs' particular claim. All defendants seek [231] [233] to exclude evidence regarding what is termed a "draft report" prepared by Roverto Chapa, who personally inspected and made the initial assessment of the damage to the Plaintiffs' residence caused by Hurricane Katrina. The Court has also ruled that the Plaintiffs will be allowed to introduce appropriate evidence concerning the manner in which their claim was handled by each defendant, whether that relates to the policy provisions or the procedures used in applying them, as well as what was done and not done in the claim adjustment and decision process.

      The concerns raised by defendants in connection with the Chapa report involve credibility issues normally left to the trier of fact. The circumstances surrounding the report, and the inferences to be drawn from them, are the subject of legitimate dispute. With multiple claims against multiple defendants, disallowing their consideration by omitting the report would be unfairly prejudicial to Plaintiffs.

      The remaining *in limine* motions [248] [249] [250] [251] are Jordan's/Rimkus's, primarily aimed at testimony anticipated to be offered through Plaintiffs' experts, Charles Ivy (Ivy) and Leonard Quick (Quick). As the Court observed at the pretrial conference on November 28, 2007, the use of motions *in limine* are rising to the level of summary judgment practice–as a substitute for trial. The topics raised in these four motions are a hodgepodge. On the one hand, for example, Jordan and Rimkus attack Ivy for attempting to express opinions based on the Rules and Regulations of the Mississippi Board of Licensure for Professional Engineers, while on the other they attempt to disqualify Quick as an expert under those same rules and regulations.

The admission of expert testimony is governed by the Federal Rules of Evidence. The Court agrees that any opinions on Jordan's state of mind or protection of the public welfare are not admissible. Such testimony is beyond the scope of expertise in the field of engineering, conclusory, and invades the province of the jury. Therefore, any opinion concerning such issues as fraud or deceit will not be allowed. However, opinions on standard of care will be allowed generally, and any specific objections can be addressed at trial. The same goes for objections to any other aspect of expert testimony.

Jordan and Rimkus spend a lot of time stressing what the Plaintiffs' lawsuit is not. As the Court pointed out in an earlier [40] Memorandum Opinion, "[t]he source and connection of this cause of action is an insurance policy issued to cover property in Mississippi for covered losses sustained during Hurricane Katrina, along with intentional torts alleged to be associated with the adjustment of the claim." The Court believes it understands the causes of action and the burdens of proof associated with them, and defendants' attempts to isolate particular aspects of Plaintiffs' causes of action at the expense of the whole is not appropriate. An insurance policy was issued, a loss was sustained, a claim was made, an investigation was conducted by Jordan and Rimkus on behalf of USAA, and a decision was reached by the insurance company.

While Plaintiffs will not have carte blanche on the evidence they may wish to submit at trial, it is appropriate for them to explore the totality of the circumstances surrounding their insurance claim, subject to the Defendants' right to challenge their assertions through cross-examination and other familiar trial tools. The Court reserves the right to rule during trial proceedings on any related or further objections not addressed specifically in this order.

Accordingly, **IT IS ORDERED**:

Defendants' motions *in limine* [231] [233] are **DENIED** to the extent they seek to exclude the introduction of and testimony surrounding the report of Roverto Chapa;

Defendants' motions *in limine* [248] [249] [250] [251] are **GRANTED IN PART** and **DENIED IN PART**, consistent with the above comments.

**SO ORDERED** this the 30th day of November , 2007.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE