UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

DAVID W. AIKEN, JR. AND MARILYN M. AIKEN                              PLAINTIFFS

V.                                                    CIVIL ACTION NO. 1:06cv741-LTS-RHW

RIMKUS CONSULTING GROUP, INC.,                                        DEFENDANTS
JAMES W. JORDAN, AND USAA CASUALTY
INSURANCE COMPANY

## ORDER

_____Defendant USAA Casualty Insurance Company (USAA) has filed a [298] Motion to Quash Trial Subpoena *Duces Tecum* issued by Plaintiffs, or, alternatively, a [299] Motion for Protective Order with respect thereto.  According to Plaintiffs and USAA, all issues have been resolved as to requested items 1 through 5, leaving number 6 as the only disputed item.  Plaintiffs request:

> All electronic and hard copy communications with any agency or branch of the U.S. Federal Government for reimbursement of the amount paid by USAA and/or USAA CIC for the flood payment by USAA and/or USAA CIC.  This is to include all electronic or hard copy of all communications with any branch or agency of the U.S. Government for the charges, expenses and fees for investigating, adjusting and paying the USAA and/or USAA CIC flood payment on the Aiken claim.

Apparently this part of the subpoena *duces tecum* arises from the Court's [278] Order with respect to the acceptance of flood insurance benefits by Plaintiffs.  The Court stated that "any party may offer relevant admissible evidence of the circumstances surrounding the payment under the flood policy."

USAA alleges that the subpoena is "nothing more than a means to attempt to conduct further discovery outside the deadline [August 15, 2007] imposed by the Court" in a Text Only Order entered June 6.  USAA also indicates that it produced the flood claims file to Plaintiffs in discovery.

Plaintiffs believe that USAA received a 15% handling fee as part of the government's full payment of flood policy benefits, despite the fact (again according to Plaintiffs) that an engineer was not hired to properly evaluate and determine flood damage.  Plaintiffs also maintain that they will be satisfied if USAA produces records of reimbursement on their flood claim.

While Plaintiffs are entitled to explore these areas during the examination of witnesses, the

time for discovery has passed.  These issues have been known for some time to Plaintiffs, who requested discovery of material for all homeowners policies issued by USAA.  This includes the flood policy.  At this late date, this effort to re-open discovery will not be allowed.

Accordingly, **IT IS ORDERED**:

USAA's Motion to Quash Trial Subpoena *Duces Tecum* [298] is **GRANTED** and said subpoena is hereby **QUASHED** and is of no force or effect.

USAA's Motion for Protective Order  [299] is **MOOT**;

**SO ORDERED** this the 9th day of January, 2008.

s/ L. T. Senter, Jr.
L. T. SENTER, JR.
SENIOR JUDGE